# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                  :         Case No. 1:99-cr-048
                                                     also 1:03-cv-808

                                                     District Judge Susan J. Dlott
      -vs-                                     Chief Magistrate Judge Michael R. Merz
                                          :

PAUL DUNN, III,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Petitioner's *pro se* Motion to Vacate, Set Aside, or Vacate Sentence under 28 U.S.C. §2255 (Doc. No. 434). On the Court's Order to Show Cause, the United States has responded (Doc. No. 459) and Defendant has filed a Reply in support (Doc. No. 460).

Petitioner pled four grounds for relief in his initial Motion:

> **Ground one:** Conviction obtained by plea of guilty which was unlawfully induced.
>
> **Supporting facts:** Mr. Dunn's plea was induced by his attorney and government statement that if Mr. Dunn were to plead guilty, he would receive between 7-10 years in prison, provided he (Mr. Dunn) provided substantial assistance to the government. Once Dunn lived up to his part of the agreement, Government reneged on their part by its withdrawal of its motion for downward departure under 5K.1.1. Substantial assistance.
>
> **Ground Two:** Breach of plea agreement by government.
>
> **Supporting facts**: Once government had determined it done the had provided substantial assistance. It was obligated to follow through with its plea agreement. By government withdrawal of its motion for

>Mr. Dunn assistance, it violated the terms of the agreement.
>
>**Ground Three:** Movant was denied the affective [sic] assistance of counsel at sentencing.
>
>**Supporting facts:** counsel failure to bring issue of constitutional magnitude by government reach a plea agreement to the attention of the court at sentencing violated movant Sixth Amendment right.
>
>**Ground Four:** Movant was denied the affective [sic] assistance of counsel at appeal.
>
>**Supporting facts:** Appeals counsel failed to bring breach of plea agreement by government issue to appellate court attention.

(Motion, Doc. No. 434, at 5-6.)

Eight months after the original Motion, Mr. Dunn filed a Supplemental Memorandum (Doc. No. 448) raising one additional claim, to wit, that his sentence relied on facts found by the trial judge rather than a jury and thus violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004).

**Procedural History**

Paul Dunn was indicted on May 20, 1999, on various charges related to drug trafficking (Doc. No. 1). On December 21, 1999, he entered into a Plea Agreement with the United States (Doc. No. 232). Therein he agreed to plead guilty to Count 1 with the understanding that it carried a sentence of ten years to life (¶ 2). The Plea Agreement provided, in relevant part:

>The government agrees to file, upon the defendant's substantial assistance, a motion with the court for a downward departure from the guidelines sentence, stating that the defendant has made a good-faith effort to provide substantial assistance in the investigation and prosecution of other persons who have committed offenses. The filing of such motion shall be in the sole discretion of the United

2

> States Attorney for the Southern District of Ohio. If such a motion is filed, the defendant understands that it is not binding on the court. Such a motion is authorized by section 5K 1.1 of the sentencing guidelines and 18 U.S.C. § 3553 (e). If such motion is filed, it will be in reliance on the defendant's continued cooperation. If the defendant should later refuse to testify the government may seek to set aside the defendant's plead and reinstate the indictment.

*Id*. at ¶ 5. Defendant further agreed that it was his understanding the Plea Agreement was not binding on the Court, which could impose the maximum sentence allowed by law. *Id*. at ¶¶ 6-7.

Defendant, having obtained new counsel, moved to withdraw his guilty plea (Doc. No. 291), but the Court denied that Motion (Doc. No. 370). Judge Dlott concluded that Defendant's stated reason for withdrawal – that he disagreed with the amount of cocaine being attributed to him in the Presentence Investigation Report – was not valid in that the amount (33.86 kilograms) resulted in precisely the same Guideline calculation at the amount he had admitted in the plea colloquy (15 kilograms). *Id*. at 6.

On November 21, 2000. the United States withdrew its 5Kl.1 Motion on the grounds that "defendant refused to be interviewed in order to prepare for trial testimony. He also indicated that he would not testify in the trial in question." (Notice of Withdraw[al], Doc. No. 372, at 1.) After an extensive sentencing hearing at which the Court obtained the presence of many incarcerated persons on Defendant's requests for writs of habeas corpus ad testificandum (See Minutes at Doc. No. 396), the Court found that Defendant was responsible for the amount of drugs attributed to him (Judgment and Commitment Order, Doc. No. 397). Defendant was sentenced to 197 months incarceration. *Id*.

Represented by new counsel (other than the attorney who negotiated the Plea Agreement and the attorney who represented him at sentencing), Mr. Dunn appealed to the United States Court of Appeals for the Sixth Circuit raising only the claims that (1) the district court had abused its discretion in refusing to permit withdrawal of the guilty plea and (2) his sentence was

3

unconstitutional under *Apprendi, supra.* The Court of Appeals found no abuse of discretion in the plea withdrawal request. *United States v. Dunn*, 2002 U.S. App. LEXIS 24624 at \*\*9 (6th Cir. 2002)(copy at Doc. No. 424). Since no constitutional challenge had been made in the district court, the Court of Appeals reviewed the *Apprendi* claim only for plain error. *Id*. at \*\*10-11. The judgment was affirmed on December 3, 2002. Defendant filed the instant § 2255 Motion eleven months later on November 18, 2003.

## Analysis

### Generally Applicable Law

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F. 3d 491, 496-97 (6th Cir. 2003).To obtain relief under 28 U.S.C. §2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780, 99 S. Ct. 2085, 60 L. Ed. 2d 1634 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974), quoting *Hill v. United States*, 368 U.S. 424, 428-429, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). Nonconstitutional claims not raised at trial or on direct appeal

are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

A motion to vacate under §2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).  Absent manifest injustice or special circumstances such as a change in the law, §2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review.  Yackle, POSTCONVICTION REMEDIES, §108 (1981)*,* citing *Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583  (6th Cir. 1993).

An ineffective assistance of counsel claim may be brought on direct appeal, but is preferably brought in a 2255 motion.  Procedural default doctrine does not bar the 2255 motion even if the issue could have been raised on direct appeal.  *Massaro v. United States*, 538 U.S. 500; 123 S. Ct. 1690; 155 L. Ed. 2d 714 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999).

**Grounds One and Two**

In Grounds One and Two, Petitioner asserts that his guilty plea is unconstitutional because it was induced by a promise that was not kept, to wit, to file a motion for downward departure for substantial assistance under Guideline 5Kl.1.

As Respondent asserts, Petitioner has procedurally defaulted in presenting this claim because he failed to include it in his Motion to Withdraw Guilty Plea and also in his direct appeal.

The standard for evaluating a procedural default defense is as follows:

5

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Mapes v. Coyle,* 171 F. 3rd 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

The procedural default analysis of *Wainwright* and its progeny are fully applicable to §2255 motions. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *Kaufman v. United States*, 394 U.S. 217, 89 S. Ct. 1068, 22 L. Ed. 2d 227 (1969); *Ratliff v. United States*, 999

Case: 1:99-cr-00048-SJD-MRM Doc #: 468 Filed: 03/02/07 Page: 7 of 12 PAGEID #: 93

F.2d 1023 (6th Cir. 1993).

## Grounds Three and Four

In Grounds Three and Four, Petitioner argues he received constitutionally ineffective assistance of counsel at trial and on appeal because they committed the procedural default of failing to raise the claims made in Grounds One and Two.

Attorney error amounting to ineffective assistance of counsel can constitute cause to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1985); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996).

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

7

> conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

> As to the second prong, the Supreme Court held:
>
> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

As to the prejudice prong, the test is whether counsel's errors have likely undermined the reliability of, or confidence in, the result. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996), citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). "Counsel is constitutionally ineffective only if [his or her] performance below professional standards caused the defendant to lose what he otherwise probably would have won." *United States v. Morrow,* 977 F.2d 222 (6th Cir. 1992). Defects in assistance that have no probable effect on the trial's outcome do not establish a constitutional violation. *Mickens v. Taylor,* 535 U.S. 162, 166 (2002).

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259 (2000); *Burger v. Kemp,* 483 U.S. 776, 107 S. Ct. 3114, 97 L. Ed. 2d 638 (1987). The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S.

745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *See Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674(6th Cir. 2000), citing *Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Counsels' failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented. *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

In this case, Attorney Rosenwald did not provide ineffective assistance of counsel by failing to raise the claim of a broken plea agreement at sentencing because it was very unlikely Defendant would have prevailed on that claim. Both in the Plea Agreement and in the plea colloquy, Defendant acknowledged that whether or not to file a substantial assistance motion was entirely within the

9

discretion of the United States Attorney. Defendant apparently was initially cooperative, but then the Government perceived that he had ceased to be cooperative by refusing to prepare to testify and refusing to testify at the trial of a co-defendant, Mr. Blair. Mr. Rosenwald did not ignore the issue; rather, he recognized that assessing the amount of cooperation was within the U.S. Attorney's discretion by asking Mr. Brichler to reconsider and by asserting that the refusal really didn't hurt the Government because Mr. Blair pled guilty and did not go to trial. (See Rosenwald letter attached to Doc. No. 60). Because the Government had discretion on the 5K1.1motion – a discretion reflected in both the Plea Agreement and plea colloquy – and could not be compelled to file such a motion, it did not breach the Plea Agreement or induce it with a promise it did not keep.

Because Mr. Rosenwald was not ineffective in the way he raised the 5K1.1 matter, his performance as counsel did not amount to ineffective assistance of counsel and therefore his performance does not constitute cause and prejudice to excuse failure to raise Grounds One and Two at sentencing. Given that analysis, failure to raise the issue on appeal was also not ineffective assistance of appellate counsel because it would not have been a successful issue on appeal.

## Ground Five

In the ground for relief he raised in his Supplemental Memorandum, Mr. Dunn claims that the sentence he received relied on facts found by the trial judge rather than a jury and thus violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004).

This claim is barred by the one-year statute of limitations applicable to §2255 cases. Although Petitioner's original § 2255 Motion was filed within one year of the date when his conviction became final, he did not file the Supplemental Memorandum for another eight months.

Claims raised by amendment do not relate back to the date of the original filing.  A claim in an amended petition does not relate back to the original date of filing under Fed. R. Civ. P. 15(c)(2) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading.  *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562; 162 L. Ed. 2d 582 (2005). This *Apprendi* claim is completely different from any of the original four grounds for relief. It is permissible for the Court to raise this matter *sua sponte*, even though it is not raised in the Government's Answer.  *Day v. McDonough*, ___ U.S. ___, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it).

Even if the claim were not barred by the statute of limitations, it would be barred by the *Teague* non-retroactivity rule. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).

## Conclusion

Based on the foregoing analysis, Petitioner's § 2255 Motion as supplemented should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

March 2, 2007.

<div align="right">
s/ **Michael R. Merz**
Chief United States Magistrate Judge
</div>

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).